IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW DELVIN CADDELL,

                    Plaintiff,

                                        CIVIL ACTION
            vs.                         No. 06-3258-SAC

DAVID ZOELLNER, et al.,

                    Defendants.


<u>ORDER</u>

    This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Leavenworth County Jail in Leavenworth, Kansas.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the limited records available, the court assesses an initial partial filing fee of $10.00, which is twenty percent of plaintiff's average monthly deposit during that relevant period, rounded to the lower half dollar.

    Also, because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune

from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks injunctive relief on allegations that he is denied access to adequate and timely legal materials.  Plaintiff cites missing and outdated Kansas resources, and seeks an order allowing him to research "any and all" criminal and civil cases.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

It is recognized that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or legal assistance. Bounds v. Smith, 430 U.S. 817, 828 (1977).  This right of meaningful access also extends to inmates in county jails.  Love v. Summit County, 776 F.2d 908, 912 (10th Cir. 1985), cert. denied, 479 U.S. 814 (1986).

However, "[t]o present a viable claim for denial of access to courts ... an inmate must allege and prove prejudice arising from the defendants' actions." Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998).  This showing of an injury is a constitutional prerequisite, and "is not satisfied by just any type of frustrated legal claim." Lewis v. Casey, 518 U.S. 343, 351 and 355 (1996). Such an injury only occurs when prisoners are prevented from attacking their sentences or challenging the conditions of their confinement.  Id. at 356.  "[I]mpairment of any other litigating

capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

In the instant complaint, plaintiff fails to allege or provide evidence of any interference to the pursuit of a non-frivolous habeas or conditions claim due to the alleged lack of legal resources and supplies. Accordingly, absent amendment of the complaint to identify an actual injury as required by Lewis, the court finds the complaint is subject to being dismissed as stating no claim for relief under 42 U.S.C. § 1983. Plaintiff is advised that the failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $10.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that within thirty (30) days, plaintiff is to supplement the complaint to avoid dismissal of the complaint as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 20th day of September 2006 at Topeka, Kansas.


　s/ Sam A. Crow　　　　　　　
SAM A. CROW
U.S. Senior District Judge

3